IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY LEE LEWIS,

                                                 OPINION AND ORDER

                Plaintiff,

                                                 16-cv-337-bbc

     v.

JANET PERDUE, KAY HALLE, and
ONE UNKNOWN BOP STAFF MEMBER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Jerry Lee Lewis has filed a complaint against three employees of the Federal Bureau of Prisons. He alleges that defendants should have done more to correct inaccurate information in his prison file and protect him from abuse.

Because plaintiff is a prisoner, I am required to screen his complaint in accordance with 28 U.S.C. § 1915A. Having done so, I conclude that his claims regarding allegedly inaccurate information must be dismissed for his failure to state a claim upon which relief may be granted. I am dismissing his claim that defendants failed to protect him from abuse because he did not provide fair notice of the claim, but I am giving him an opportunity to file an amended complaint that includes more information.

Plaintiff fairly alleges the following facts in his complaint.

1

ALLEGATIONS OF FACT

Plaintiff is incarcerated at the Wisconsin Secure Program Facility, a state prison. He was transferred there from federal custody for various reasons, including allegations that he is involved in a white supremacist gang and has a history of violent conduct. However, "none of the information [used to transfer him] is accurate."

From 2008 to 2015, plaintiff was housed in isolation. (Plaintiff does not say when he was transferred to the state prison, but I will assume that it was no later than 2008.) In 2012 and 2013, he suffered "physical abuse" from prison staff.

Once a year, an employee from the Bureau of Prisons meets with plaintiff "to address any issues that need redress." From 2009 to 2014, plaintiff complained to defendants Janet Perdue, Kay Halle and a third staff member from the Bureau of Prisons about his transfer to the state prison. He also complained about the "abuse" that he received from prison staff. Although he informed defendants that the allegations about him were untrue, they did nothing to help him.

OPINION

Plaintiff says that defendants' refusal to help him violated his constitutional right to petition for redress of grievances under the First Amendment, his right to due process of law under the Fifth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment. I will consider each theory in turn.

First, plaintiff says that defendants violated his right to petition for redress of

2

grievances by "willfully and intentionally ignor[ing]" his complaints about being transferred as a result of inaccurate information. However, the First Amendment gives individuals the right to *complain*; it does not give individuals the right to compel the government to act in a particular way. Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (prisoner's right to petition the government for redress is not violated by prison's refusal to entertain grievance); Buckheit v. Dennis, No. C 09-5000 JCS, 2012 WL 1166077, at *20 (N.D. Cal. Apr. 6, 2012) ("The First Amendment right to petition the government for redress of grievances does not grant a corresponding right to any particular action in response to a grievance."); United States v. Vital Health Products, Ltd., 786 F. Supp. 761, 779 (E.D. Wis. 1992) ("[A person] may petition the government for any redress of grievances to his heart's content. However, this does not preclude the government from moving to dismiss any groundless causes of action he may present."). Because plaintiff does not allege that defendants restricted his ability to complain, he has not stated a claim under the First Amendment.

Second, plaintiff says that defendants violated his right to due process "by refusing and failing to . . . advise []or document plaintiff's concerns . . . of the inaccuracies" in his file. Plaintiff does not explain what was inaccurate about the information in his file, but even if I assume that all the negative information was fabricated, he has not stated a claim under the due process clause.

Generally, a prisoner does not have a right under the due process clause to avoid a transfer to a different prison, even if prison officials do not have good reasons for the transfer and even if the conditions at the new prison are more severe. Meachum v. Fano, 427 U.S.

215, 225 (1976). In some instances, a prisoner may be entitled to some process before being placed in long term segregation, Marion v. Columbia Correction Institution, 559 F.3d 693, 697 (7th Cir. 2009), but even if I assume that plaintiff's transfer to the state prison should be treated as a transfer to long term segregation, plaintiff does not allege that he was denied process before his transfer or, if he was, that defendants were responsible for providing that process. Rather, plaintiff says that defendants violated his rights by failing to *correct* inaccuracies found by prison staff earlier. I am not aware of any authority that would require prison officials to revisit findings made in the past after giving the prisoner all the process he was due at the time. Even in the context of criminal proceedings, once a defendant has been found guilty, his right to relitigate his guilt is limited. E.g., District Attorney's Office for Third Judicial District v. Osborne, 557 U.S. 52, 68 (2009) (after conviction, defendant has no due process right to obtain access to state's evidence for DNA testing). Because a prisoner's rights under the due process clause with respect to his housing are even more limited, I see no basis for concluding that the defendants in this case had a constitutional duty to investigate plaintiff's allegations.

Finally, plaintiff says that defendants violated his Eighth Amendment rights by failing "to prevent all physical and psychological harm" that he suffered at the state prison. The problem with this claim is that plaintiff has not provided fair notice, as required by Fed. R. Civ. P. 8. In particular, plaintiff does not describe the physical and psychological abuse he suffered, what he told defendants about that abuse, what he believes defendants should have done to protect him and what authority defendants would have to change his conditions of

confinement. Without that information, it is impossible to determine whether defendants may have violated the Eighth Amendment. I will give plaintiff an opportunity to amend his complaint to include that information.

ORDERED

IT IS ORDERED that

1. Plaintiff Jerry Lee Lewis's claim that defendants Janet Perdue, Kay Halle and an unknown staff member failed to correct inaccuracies in his prison records is DISMISSED WITH PREJUDICE for his failure to state a claim upon which relief may be granted.

2. Plaintiff's claim that defendants failed to protect him from abuse at the prison is DISMISSED WITHOUT PREJUDICE for plaintiff's failure to provide fair notice of the claim. Plaintiff may have until July 6, 2016, to file an amended complaint that adds more allegations about that claim.

3. If plaintiff does not respond by July 6, 2016, I will dismiss the claim with prejudice, record a strike under 28 U.S.C. § 1915(g) and direct the clerk of court to enter judgment.

Entered this 21st day of June, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge